Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4054 | **DATE** | 11/12/2002 |
| **CASE TITLE** | Ocampo vs. Renard Machine Co., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Ocampo's motion to remand the case for failure to file a timely notice of removal

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Ocampo's motion to remand the case for failure to file a timely notice of removal [3-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 13 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK 02 NOV 12 PM 6:54 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/12/2002 | |
| mm | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mm mailing deputy initials | |



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ALEJANDRINA OCAMPO, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RENARD MACHINE COMPANY, )<br>a subsidiary of PAPER CONVERTING )<br>MACHINE COMPANY, and PAPER )<br>CONVERTING MACHINE COMPANY, )<br>a foreign corporation. )<br>)<br>Defendants. ) | Case No. 02 C 4054 |

## MEMORANDUM OPINION AND ORDER

NAN R. NOLAN, Magistrate Judge:

Plaintiff Alejandrina Ocampo filed a product liability suit against defendants Renard Machine Company and Paper Converting Machine Company (collectively "PCMC") in the Circuit Court of Cook County, Illinois. PCMC removed the case to federal court on the basis of diversity jurisdiction. This matter is now before the Court on Ocampo's Motion to Remand the case for failure to file a timely notice of removal. For the reasons set forth below, the motion is denied.

## FACTUAL BACKGROUND

On March 5, 2002, Ocampo filed a complaint in the Circuit Court of Cook County alleging that PCMC's defective machine "traumatically removed" her hair and scalp from her head, causing her to suffer permanent pain, disability and disfigurement. PX A. The complaint indicated that Ocampo worked in Wheeling, Illinois and sought damages in excess of $50,000.

12

However, the complaint did not disclose Ocampo's citizenship or state of residence. *Id.* PCMC answered the complaint on April 15, 2002, and then on May 3, 2002 filed a Request to Admit Facts regarding Ocampo's citizenship and the jurisdictional amount in controversy in accordance with Local Rule 81.2. Based on Ocampo's May 20, 2002 responses to those requests, PCMC removed the case to federal court on June 6, 2002, asserting diversity jurisdiction pursuant to 28 U.S.C. §1332.

Ocampo claims that the removal was untimely because it occurred more than thirty days after PCMC was served with Ocampo's complaint. PCMC claims that it could not determine from the face of the complaint whether the case was removable under §1332 and, thus, it timely removed the case within thirty days after receiving Ocampo's admissions confirming diversity jurisdiction.

## DISCUSSION

Under 28 U.S.C. §1446, a defendant must file a notice of removal within thirty days after receiving the pleading, motion or other paper that first demonstrates that the case is removable. If removal is based on diversity of citizenship but the complaint does not contain "an express *ad damnum* . . . in an amount exceeding the jurisdictional amount in controversy," Local Rule 81.2 requires that a defendant obtain an admission from the plaintiff that the amount in controversy does in fact exceed that amount. This requirement is problematic in Illinois because plaintiffs are not permitted to plead an express *ad damnum* in personal injury cases beyond stating that the damages exceed the jurisdictional amount necessary to comply with the Illinois Circuit Court's rules of assignment – in this case $50,000. *See* 750 ILCS 5/2-604; *McCoy v. General Motors*

*Corp.*, __ F. Supp. 2d __, 2002 WL 31324060, at *1 (N.D. Ill. Oct. 17, 2002); *Height v. Southwest Airlines, Inc.*, No. 02 C 2854, 2002 WL 1759800, at *3 (N.D. Ill. July 29, 2002).

Ocampo claims that PCMC could have determined from the face of the complaint that the case was removable pursuant to §1332. With respect to the amount in controversy, Ocampo says, the allegations of severe injury were a clear indication that she was seeking more than $75,000 in damages. Ocampo's position finds support in *McCoy v. General Motors*. In *McCoy*, the plaintiffs filed a product liability suit in the Circuit Court of Cook County alleging damages in excess of $50,000. The defendant removed the case within thirty days after receiving an admission from the plaintiffs that the amount in controversy exceeded $75,000, but more than thirty days after the initial complaint was filed. __ F. Supp. 2d at __; 2002 WL 31324060, at *1.

The court stated that a defendant must "ascertain from a reasonable and commonsense reading of the complaint whether the action is removable." *Id.* at *2. The complaint alleged that the plaintiffs suffered "lasting and permanent injuries" and "severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement and paralysis." *Id.* The court held that "[i]n the parlance of product liability suits, these statements should sound warning bells in defendants' ears that significant damages are sought." Thus, the defendant should have removed the case within thirty days of receipt of the complaint. *Id. See also Huntsman Chemical Corp. v. Whitehorse Technologies, Inc.*, No. 97 C 3842, 1997 WL 548043, at *6 (N.D. Ill. Sept. 2, 1997) ("[w]here, as here, the defendant is placed on notice of the amount in controversy by a demand letter received prior to the filing of the complaint, he may not claim an inability to ascertain removability by the lack of an ad damnum clause in the complaint itself").

In this case, similarly, Ocampo alleged that she was "seriously injured" by PCMC's machine; that her scalp was "traumatically removed from her head"; and that this "caused permanent pain and suffering," "disability and disfigurement," lost financial gains, and medical and hospital expenses. PX A, ¶¶3, 6. Under the reasoning of *McCoy*, this was arguably sufficient to put PCMC on notice that Ocampo was seeking in excess of $75,000 in damages. *Compare Height*, 2002 WL 1759800, at *4 (defendant's knowledge that plaintiff jumped out of an airplane door and broke his wrist was not sufficient to put defendant on notice that plaintiff sustained severe or permanent injuries in absence of specific allegation to that effect); *Ford v. Mannesmann Dematic Corp.*, No. 00 C 1226, 2000 WL 1469371, at *3 (N.D. Ill. Oct. 2, 2000) (allegation that plaintiff was "seriously injured" and sought damages in excess of $50,000 "did not provide the required degree of certainty that the jurisdictional amount was satisfied").

On the other hand, Ocampo was not necessarily seeking damages in excess of $75,000 just because she alleged severe injury. As the *Height* court noted, "[a] plaintiff could choose to seek a lesser amount [of damages] in order to avoid removal." 2002 WL 1759800, at *4. *See also Abdishi v. Phillip Morris, Inc.*, No. 98 C 1310, 1998 WL 311991, at *2 (N.D. Ill. June 4, 1998) ("the fact that a plaintiff has alleged that he has suffered serious injuries or has undergone various medical procedures does not necessarily mean that he is seeking damages in excess of $75,000"). In addition, as PCMC points out, failing to obtain actual confirmation of the jurisdictional amount before removing a case constitutes a violation of Local Rule 81.2. *But see McCoy*, __ F. Supp. 2d at __, 2002 WL 31324060, at *3 ("to the extent that Local Rule 81.2 provides the *exclusive* procedure by which defendants may remove Illinois state complaints that

4

lack an express *ad damnum* clause, we believe that it impermissibly contravenes the federal removal statute").

In any event, the Court need not resolve this issue because Ocampo's complaint failed to provide sufficient information regarding a second element required for removal under §1332 – citizenship. Simply put, the complaint nowhere identified Ocampo's – or PCMC's – state of residency. The mere allegation that Ocampo *worked* in Wheeling, Illinois in no way established that Ocampo was also a *resident* of Illinois for purposes of diversity jurisdiction. This omission, together with the lack of a damages request exceeding $75,000, rendered Ocampo's complaint insufficient to give PCMC notice that the case was removable. *See Height*, 2002 WL 1759800, at *4 ("most importantly, the complaint was silent as to citizenship of the parties, therefore diversity was not established at the time of filing the complaint"). Accordingly, the thirty day period for removing the case did not begin to run until PCMC received Ocampo's admissions confirming her residency and the amount in controversy. 28 U.S.C. §1446(b); Local Rule 81.2. PCMC timely removed the case within thirty days after receiving that confirmation, so remand is inappropriate.

## CONCLUSION

For the reasons stated above, Ocampo's Motion to Remand (Docket Entry #3-1) is denied.

_____
NAN R. NOLAN
United States Magistrate Judge

Dated: November 8, 2002